UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRAIG SHULTS,<br><br>Defendant. | No. 1:17-cr-00136-NONE-SKO-1<br><br>ORDER REGARDING REQUEST FOR EXTENSION OF TIME<br><br>(Doc. No. 155) |

On November 8, 2021, defendant, through recently retained counsel, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, on the court's standard form. (Doc. No. 154.)  That motion sets forth four grounds for relief based upon the alleged ineffective assistance of trial counsel for: (1) not allowing defendant to testify at trial; (2) failing to call two particular witnesses at trial; (3) failing to properly question defense trial witness Anwar Hassan; and (4) failing to obtain and call as a trial witness an expert witness in BOP corrections.  (*Id*.)  Simultaneously, counsel filed a request for an extension of time to permit the filing of a more detailed memorandum of law and facts in support of the pending § 2255 motion on or before January 10, 2022.  (Doc. No. 155.)

The court is unaware of any rule specifically governing such a request for extensions of time to file a more detailed memorandum in support of an already filed § 2255 motion.  *See Murillo v. United States*, No. C20-0484JLR, 2020 WL 4207340, at *1, n. 2 (W.D. Wash. July 22,

1

2020) (explaining that the rules governing § 2255 proceedings do not include a procedure by which a movant may supplement a 2255 motion with a memorandum of law). Rather, the appropriate mechanism for the court to consider such supplemental filings would appear to be Federal Rule of Civil Procedure 15, which "applies to habeas petitions with the same force that it applies to garden-variety civil cases." *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001) (citations and internal quotations omitted). Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation and citation omitted).

Relevant here, claims elaborated upon in a memorandum of law could be construed as an amended § 2255 motion that would relate back to the date of the original motion if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In the habeas context, the Supreme Court has held that an amendment does not relate back to the date of the initial pleading and therefore defeat the one-year statute of limitations "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005)).

Without being able to review retained counsel's planned supplemental memorandum of law, the court cannot say with certainty how Rule 15 will apply to it. Nonetheless, the court will set January 10, 2022 as the deadline for defendant to file a motion to amend his § 2255 motion, which should attach the proposed memorandum of law and also present any relevant argument regarding application of Rule 15.

IT IS SO ORDERED.

Dated: **November 9, 2021**

_____
UNITED STATES DISTRICT JUDGE