BRANDON SAMPLE
Brandon Sample PLC
Vt Bar # 5573
1701 Pennsylvania Ave. N.W. # 200
Washington, DC 20006
Tel: 202-990-2500
Fax: 202-990-2600

*Pro Hac Vice Counsel for Craig Shults*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>CRAIG SHULTS.<br><br>  Defendant. | Case No.: 1:17-cr-00136-JLT-SKO<br><br>**MEMORANDUM OF LAW IN SUPPORT OF AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

Craig Shults ("Shults"), by and through the undersigned counsel, respectfully submits this memorandum of law and facts in support of Shults' Amended 28 U.S.C. § 2255 motion.[1]

---

[1] In November 2021, Shults timely moved for 28 U.S.C. § 2255 relief. (ECF 154). Shults also contemporaneously sought an extension of time to submit a memorandum in support of his § 2255 motion. (ECF 155). The Court granted Shults additional time to submit a supporting memorandum, but asked that the memorandum be submitted with a motion for leave to amend. (ECF 159). The Court subsequently granted Shults

- 1 -
MEMORANDUM OF LAW IN SUPPORT OF AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

# I. BACKGROUND

Shults was convicted following a jury trial of one count of retaliating against a federal official by threat on December 11, 2016, in violation of 18 U.S.C. § 115(a)(1)(B). (ECF 98). The charges surround alleged threats by Shults about United States District Court Judge Andrew Guilford. Shults was captured on a wire worn by fellow inmate, William Knox ("Knox"), stating:

> "I'm hunting him. I'm going to humiliate him first. Then I'm going to get rid of him. Maybe I'm pissed off, and somebody just comes up and effing whacks him out, basketball game, whacks out four or five guys, and he is collateral damage, but --

---

additional time to submit the proposed amended § 2255 motion and supporting memorandum. (ECF169, 174). While the Court asked Shults to submit a motion for leave to amend, Shults respectfully submits that leave is unnecessary to amend Shults' § 2255 motion. This is because the United States has not been "served" with Shults' § 2255 motion, and no response to the motion has been filed by the Government. *Jackson v. Foster*, No. 19-CV-49-JPS, 2019 U.S. Dist. LEXIS 198364, at *6-7 (E.D. Wis. Nov. 15, 2019) (a habeas movant can amend as a right before the Court finishes screening of a habeas motion); *Peel v. United States*, No. 2:14-cr-00192-KJM-CKD-1, 2020 U.S. Dist. LEXIS 48890 (E.D. Cal. Mar. 19, 2020)(defendant could amend as of right because amendment was filed within 21 days of the Court ordering the § 2255 motion served on the United States). Furthermore, a party who amends as of right need not obtain leave before doing so. *Jennings v. Darrow*, No. 1:19CV1133, 2020 U.S. Dist. LEXIS 72272, at *2 (M.D.N.C. Jan. 23, 2020)("[n]o motion to amend was needed given that Plaintiff had not previously amended the Complaint as of right")(alteration added).

MEMORANDUM OF LAW IN SUPPORT OF AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

and that's okay -- but I'm going to be the guy that makes that choice."

(ECF 126 at 81). Shults was never called to testify at the trial, but that is not because Shults did not want to testify. In fact, Shults told his then counsel, Charles Lee, before and during trial that he wanted to testify. The sum and substance of Shults' testimony before the jury would have been:

- Shults meant no harm to Judge Guilford

- The statements Shults made to Knox were simply things that Knox wanted Shults to say.

- Shults went along with Knox because Shults was concerned for his safety (Shults had been the subject of threats at the institution) and Shults was trying to get Knox to pay legal fees for him.

- The statements Shults made to Knox came from a series of books by different authors. Some of those books included "The Camel Club," "The Collectors," "Stone Cold," "Divine Justice," "Hell's Corner," "Bullseye," "The Racketeer" and titles from the "Jason Bourne" series.

Because the trial and resulting verdict of guilt came down to the credibility of the witnesses, Shults' testimony was critical. Indeed, in

rejecting Shults' Rule 29 motion for judgment of acquittal, the Court noted that:

> THE COURT: this is an obvious question of fact, this case, and it comes down to who the jury believes and who the jury does not believe, whether or not, based on who they do believe, the government has met its burden. And questions of fact are not mine to decide, but rather, the jurors.
>
> So the Court finds that there is significant and substantial evidence for the jury to make whatever findings they make with credibility in this case, and it is theirs to make and not mine. And, therefore, the motion is denied.

(ECF 126 at 123).

Also key was testimony from Victor Torrez (spelling unsure) and another inmate from the Taft federal prison. These witnesses would have testified that Knox was trying to set up Shults so Knox could receive a sentence reduction. In the same vein, proper questioning of Anwar Hassan was needed. Hassan was called by Shults at trial, but Shults' counsel did not ask Hassan if he knew that Knox was trying to set up Shults for a sentence reduction. Lastly, Shults did not call a prison expert witness. Shults' counsel could have called Mr. Joe Gunja, a former BOP

Western Regional Director and BOP Warden, who would have testified that inmates in federal prisons will sometimes take actions to set up other inmates by making false statements about them, planting drugs and other items, all in an effort to obtain a sentence reduction.

## II. STANDARDS OF REVIEW

To establish ineffective assistance of counsel under *Strickland*, a defendant must demonstrate both: (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. *Miles v. Ryan*, 713 F.3d 477, 486 (9th Cir. 2013). *Citing, Strickland v. Washington*, 466 U.S. 668, 688-93 (1984).

(1) <u>Failure to Put on Evidence or Call Witnesses</u>

The first prong of the Strickland test—deficient performance—requires a showing that counsel's performance fell below an objective standard of reasonableness… or was outside the wide range of professionally competent assistance… The test is highly deferential, evaluating the challenged conduct from counsel's perspective at the time in issue." *Miles v. Ryan*, 713 F.3d 477, 486 (9th Cir. 2013) (Citations and quotations omitted).

The Ninth Circuit has held that, "[a] lawyer who fails adequately to investigate, and to introduce into evidence, [information] that

MEMORANDUM OF LAW IN SUPPORT OF AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

demonstrate his client's factual innocence, or that raise sufficient doubt as to that question to undermine confidence in the verdict, renders deficient performance." *Hart v. Gomez*, 174 F.3d 1067, 1070 (9th Cir. 1999). To prove prejudice, [an appellant] must demonstrate only that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability defined as a probability sufficient to undermine confidence in the outcome." *Lord v. Wood*, 184 F.3d 1083, 1085 (9th Cir. 1999).

(2) <u>The Right to Testify</u>

According to the Ninth Circuit, "[a]n accused's right to testify is a constitutional right of fundamental dimension… Because the right is personal, it may be relinquished only by the defendant, and the defendant's relinquishment of the right must be knowing and intentional." *United States v. Joelsen*, 7 F.3d 174, 177 (9th Cir. 1993). *Citing, Rock v. Arkansas*, 482 U.S. 44, 51-53 (1987); *United States v. Edwards*, 897 F.2d 445, 446-47 (9th Cir. 1990).

Nonetheless, the Ninth Circuit has previously found that trial counsel does not render ineffective assistance where he fails to inform a defendant of his right to testify. *See, United States v. Edwards*, 897 F.2d 445, 446-47 (9th Cir. 1990), finding that trial counsel was not ineffective

where "the defendant's attorney made a tactical decision not to have his client testify." *United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir. 1993). However, since the right to testify remains personal to the defendant, an attorney's refusal to call the defendant when the defendant insists on testifying should be regarded as deficient performance. And prejudice is likely to result, particularly in cases like Shults' where Shults' intentions were the primary issue at trial. *United States v. Teague*, 953 F.2d 1525 (11th Cir. 1992); *Brown v. Artuz*, 124 F.3d 73 (2d Cir. 1997).

    (3)    <u>Right to Testify – Autonomy of the Defendant</u>

The right to testify is personal to the defendant. *McCoy v. Louisiana*, 138 S. Ct. 1500, 1508 (2018)(*citing Jones v. Barnes*, 463 U.S. 745, 751 (1983)). Personal rights, such as the right to testify, cannot be overridden by counsel because such rights affect the autonomy of the defendant as guaranteed by the Sixth Amendment. *McCoy*, 138 S. Ct at 1511; *Williams v. United States*, No. 3:15-CV-01301 (VLB), 2018 U.S. Dist. LEXIS 165819 * 15 (D. Conn. Sep. 27, 2018)(agreeing that "a violation of a defendant's right to testify is likely a structural error based on the Supreme Court's guidance in *Weaver* and *McCoy*, as it implicates the client's autonomy and freedom 'to make his own choices about the proper way to protect his own liberty.' A violation of a defendant's right to autonomy is not subject to

MEMORANDUM OF LAW IN SUPPORT OF AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

*Strickland* prejudice; in fact, such violations are not covered by *Strickland* at all.")

## III. ARGUMENT

**Ground One:** <u>**Shults' Counsel Was Ineffective for Failing to Call Shults To Testify & Shults' Right to Autonomy Was Violated By Counsel's Failure to Call Shults**</u>

Shults notified his counsel before and during trial that he wanted to testify. Shults' counsel did not call him as a witness. This was ineffective assistance of counsel. As noted previously, the right to testify is personal to the defendant. *Joelsen*, 7 F.3d at 177. Because Shults specifically notified his counsel that he wanted to testify—but that request was ignored—Shults' counsel was deficient. Shults was prejudiced by this error because there is a reasonable probability the outcome of the trial would have been different had Shults testified. The trial, as the Court noted, largely turned on the credibility of the witnesses. Shults' testimony would have provided clarity about his intent in making the statements the jury found were unlawful.

Shults' right to autonomy was also violated because his attorney did not call him. Shults' Sixth Amendment right to autonomy is not governed by the *Strickland* analysis. *See e.g., Williams*, 2018 U.S. Dist. LEXIS 165819 * 15. Rather, the proper inquiry is whether Shults' personal right

MEMORANDUM OF LAW IN SUPPORT OF AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

to testify in his defense was violated. If so, then prejudice should be presumed. As already discussed, Shults' right to testify was violated because he was not called. *McCoy*, 138 S. Ct at 1511; *Williams*, 2018 U.S. Dist. LEXIS 165819 * 15. And since that error is presumptively prejudicial, Shults is entitled to § 2255 relief.

**Grounds Two & Three :   Shults' Counsel Was Ineffective For Failing To Call Two Witnesses And For Failing to Properly Question One Witness**

Shults' counsel did not call Victor Torrez (spelling unsure) and another inmate from the Taft prison. These witnesses would have testified about how Bill Knox told them that he was trying to set up Shults so he could obtain a sentence reduction under Fed R. Crim. P. 35. Both of these witnesses had first hand personal knowledge of statements by Knox, and upon information and belief, Shults' counsel was aware of this. Nevertheless, these witnesses were not called. This was deficient performance and not strategic. Shults was prejudiced by this error because testimony from these witnesess in combination with Shults' own testimony would have been enough to create reasonable doubt in the jury's mind.

MEMORANDUM OF LAW IN SUPPORT OF AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Additionally, Shults' counsel was ineffective for failing to properly question Anwar Hassan. Hassan was called by Shults, but Shults' counsel did not ask Shults the key question—whether Knox told Hassan that he was trying to set up Shults for a Rule 35 sentence reduction. Had Shults' counsel asked Hassan this question Hassan would have answered that Knox told him he was trying to set up Shults. This testimony, individually or in combination with Shults' own testimony, would have—within a reasonable probability—resulted in the jury returning a verdict of not guilty instead of guilty.

**Grounds Four :** <u>**Shults' Counsel Was Ineffective For Failing To Call A Prison Expert**</u>

Shults' counsel was ineffective for failing to call an expert witness familiar with prison administration. Shults' counsel could have called Joe Gunja, a former BOP Warden and Regional Director who would have testified about how prison inmates will oftentimes falsely accuse other inmates of criminal wrongdoing in order to obtain a sentence reduction. Gunja could have clarified for the jury the extent inmates will sometimes go to create such falsehoods by drawing on his decades of experience in corrections and having seem similar such schemes be perpetrated in the past. There is a reasonable probability that had such testimony been

MEMORANDUM OF LAW IN SUPPORT OF AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

given the jury would have returned a verdict of not guilty because Gunja's proposed testimony would have helped the jury better weigh the credibility of Knox's testimony—which was key to the jury's finding of guilt.

## IV. EVIDENTIARY HEARING

Section 2255 requires Courts to conduct an evidentiary hearing unless the files and records of the case conclusively refute the allegations that have been presented. 28 U.S.C. § 2255. Here, Shults' allegations are not conclusively refuted by the record. Accordingly, the Court should schedule an evidentiary hearing.

## V. CONCLUSION

Based on the foregoing, the Court should grant Shults 28 U.S.C. § 2255 relief.

DATED: March 3, 2022

Respectfully submitted,

/s/Brandon Sample

MEMORANDUM OF LAW IN SUPPORT OF AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255